IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00632-GPG

ANGEL MERCED,

    Applicant,

v.

T. K. COZZA-RHODES,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Angel Merced, is a prisoner in the custody of the Federal Bureau of Prisons at a federal prison in Kentucky. Mr. Merced has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the validity of a number of prison disciplinary convictions dating back to 2009. As relief he asks that the disciplinary convictions be expunged.

    The Court must construe the application liberally because Mr. Merced is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The action will be dismissed for lack of jurisdiction.

    Pursuant to 28 U.S.C. § 2241(a), a writ of habeas corpus may be granted by "the district courts and any circuit judge within their respective jurisdictions." The United States Supreme Court has interpreted this provision as requiring jurisdiction over the

applicant's custodian "even if the prisoner himself is confined outside the court's territorial jurisdiction."  *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973). The Supreme Court reached this conclusion because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."  *Id.* at 494-95.

The proper respondent in a habeas corpus action is "the person who has custody over [the applicant]."  28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  In most cases, there is "only one proper respondent to a given prisoner's habeas petition," and the proper respondent generally is "the warden of facility where the prisoner is being held."  *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

As reflected in the caption of this order, Mr. Merced has named as Respondent the warden of the Florence, Colorado, prison in which he previously was confined. However, it is clear that this action was filed after Mr. Merced was transferred to a federal prison in Kentucky.  Attached to the application is a letter dated February 17, 2016, addressed to the clerk of the Court in which Mr. Merced states he recently was transferred to a federal prison in Kentucky.  (*See* ECF No. 1 at 11.)  Furthermore, the postmark on the envelope in which the application was received indicates the application was mailed from Kentucky on March 14, 2016.  (See ECF No. 1-1.)  Mr. Merced's return address on that envelope also indicates the application was mailed to the Court after he was transferred to Kentucky.  (*See id.*)  Mr. Merced does state in the February 17 letter that he filed this "motion" two months ago while he was incarcerated at the Florence prison

(*see* ECF No. 1 at 11) and the application apparently was signed by Mr. Merced on December 25, 2015, when he may have been incarcerated in Colorado (*see id.* at 5). However, the Court's docketing records show that the instant action filed on March 17, 2016, is the only action Mr. Merced has filed in the District of Colorado.

Because this action was filed after Mr. Merced already had been transferred to a federal prison in Kentucky, the proper Respondent is the warden of that facility. The Court does not have jurisdiction over the Kentucky prison warden and, as a result, the Court lacks jurisdiction to consider Mr. Merced's claims in this habeas corpus action.

Although the Court lacks jurisdiction to consider Mr. Merced's claims, the Court may transfer the action to a court in which the action could have been brought if a transfer would be in the interest of justice. *See* 28 U.S.C. § 1631. The Court finds that it would not be in the interests of justice to transfer this action to a federal district court in Kentucky because the application is deficient. In particular, Mr. Merced fails to name a proper Respondent, he fails to provide a clear statement of the claims he is asserting, and he fails to allege specific facts that demonstrate his rights have been violated. Therefore, the Court will not transfer this action to a federal district court in Kentucky. Instead, the action will be dismissed without prejudice for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for

the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed without prejudice for lack of jurisdiction.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  22nd  day of    March   , 2016.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court